UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAMEISHA EVEL BENSON,

Plaintiff,

v.

COLUMBIA DEBT RCVY GENESIS,

Defendant.

Case No. 26-2585-JHC

ORDER

## I. INTRODUCTION

Plaintiff Kameisha Evel Benson has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 4). In the IFP application, Plaintiff reports being unmarried, employed with a net monthly salary of $2,000.00, monthly expenses in the amount of $560.00 for "utilities, loan payments," and having no valuable property and no dependents. (*Id.* at 1-2). Plaintiff left blank the portions of the application asking about money received in the last twelve months, money in checking and savings accounts, and any other information to help explain why Plaintiff cannot afford court fees and costs. (*Id.*)

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status,

a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), cert. denied, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's application omits information needed for the Court to determine Plaintiff's ability to pay court fees and costs. Plaintiff's monthly salary of $2,000.00 far exceeds the reported monthly expenses of $560.00. Plaintiff does not explain why the excess funds are unavailable to pay the filing fee or are otherwise encumbered. The lack of information and clarity prevents the Court from determining Plaintiff's eligibility to proceed IFP. Given these circumstances, Plaintiff should not be permitted to proceed IFP.

Accordingly, Plaintiff is ORDERED to show cause by **September 11, 2026**, why this Court should not recommend the IFP application be denied. Alternatively, Plaintiff may submit an amended IFP application by that date, fully completing each portion of the form. The Clerk is directed to renote Plaintiff's IFP application (dkt. # 4) for **September 11, 2026**, and to send copies of this order to Plaintiff and to the Honorable John H. Chun.

Dated this 24th day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge