UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAMEISHA EVEL BENSON,

Plaintiff,

v.

COLUMBIA DEBT RCVY GENESIS,

Defendant.

Case No. 26-2585-JHC

REPORT AND RECOMMENDATION

Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 4.) In the IFP application, Plaintiff reported being unmarried, employed with a net monthly salary of $2,000.00, monthly expenses in the amount of $560.00 for "utilities, loan payments," and having no dependents or valuable property. (*Id.* at 1-2.) Plaintiff left blank the portions of the application asking about money received in the last twelve months, amounts in checking and savings accounts, and any other information to help explain why Plaintiff cannot afford court fees and costs. (*Id.*)

On August 24, 2026, the Court issued an Order to Show Cause. (Dkt. # 5.) The Court explained that Plaintiff's application omitted information necessary for it to determine Plaintiff's ability to pay court fees and costs. (Dkt. # 5 at 2.) Specifically, Plaintiff's salary of $2,000.00 far

exceeds the monthly reported expenses of $560.00, and Plaintiff did not explain why the excess funds are unavailable to pay the filing fee or are otherwise encumbered. (*Id.*) This lack of information and clarity prevented the Court from determining Plaintiff's eligibility to proceed IFP. (*Id.*) Plaintiff was ordered to show cause by September 11, 2026, why this Court should not recommend that Plaintiff's IFP application be denied or to submit an amended IFP application providing the required information. (*Id.*) To date, Plaintiff has filed no response.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff has failed to correct the deficiencies in Plaintiff's IFP application, as identified in this Court's Order to Show Cause (dkt. # 5) and explained above. After careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, this Court RECOMMENDS that Plaintiff's IFP application (dkt. # 4) be DENIED and that Plaintiff be directed to pay the filing fee within **thirty (30) days** after entry of the Court's Order adopting this Report and Recommendation. If no filing fee is paid within thirty days of the Court's Order, the Clerk of Court should close the case. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 9, 2026**.

The Clerk is directed to send copies of this order to Plaintiff and to the Honorable John H. Chun.

Dated this 24th day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge